**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Peter Salas**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Quik Pik LLC**, an Arizona Limited Liability Company; **5-D Leasing, LLC**, an Arizona Limited Liability Company; **All Over Towing Incorporated,** an Arizona Corporation; **Thomas J. DiMarco, Sr. and Jane Doe DiMarco**, a married couple; **Dawn DiMarco and John Doe DiMarco**; a married couple; and **Joseph DiMarco Sr. and Jane Doe DiMarco II**, | |
| Defendants. | |

Plaintiff, Peter Salas ("Plaintiff" or "Peter Salas"), sues the Defendants Quik Pik LLC; 5-D Leasing, LLC; All Over Towing Incorporated; Thomas J. DiMarco Sr. and Jane Doe DiMarco; Dawn DiMarco and John Doe DiMarco; and Joseph DiMarco Sr. and Jane Doe DiMarco II ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

-1-

1. This is an action for unpaid minimum wages, unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

6. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Quik Pik LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Quik Pik LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. At all relevant times, Defendant Quik Pik LLC owned and operated as "Quick Pik All Over Towing," a vehicle towing and repossession company located at 1966 E. Deer Valley Road, Phoenix, AZ 85024.

9. Under the FLSA, Defendant Quik Pik LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Quik Pik LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a

person who acted in the interest of Quik Pik LLC in relation to the company's employees, Defendant Quik Pik LLC is subject to liability under the FLSA.

10. At all material times, 5-D Leasing LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant 5-D Leasing LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

11. At all relevant times, Defendant 5-D Leasing LLC owned and operated as "Quick Pik All Over Towing," a vehicle towing and repossession company located at 1966 E. Deer Valley Road, Phoenix, AZ 85024.

12. Under the FLSA, Defendant 5-D Leasing LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant 5-D Leasing LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of 5-D Leasing LLC in relation to the company's employees, Defendant 5-D Leasing LLC is subject to liability under the FLSA.

13. At all material times, All Over Towing Incorporated was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant All Over Towing Incorporated does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

14. At all relevant times, Defendant All Over Towing Incorporated owned and operated as "Quick Pik All Over Towing," a vehicle towing and repossession company located at 1966 E. Deer Valley Road, Phoenix, AZ 85024.

15. Under the FLSA, Defendant All Over Towing Incorporated is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant All Over Towing Incorporated had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of All Over Towing Incorporated in relation to the company's employees, Defendant All Over Towing Incorporated is subject to liability under the FLSA.

16. Defendants Thomas J. DiMarco Sr. and Jane Doe DiMarco are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Thomas J. DiMarco Sr. and Jane Doe DiMarco are owners of Quik Pik LLC, 5-D Leasing LLC, and All Over Towing Incorporated and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

17. Under the FLSA, Defendants Thomas J. DiMarco Sr. and Jane Doe DiMarco are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Thomas J. DiMarco Sr. and Jane Doe DiMarco had the authority to

hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Quik Pik LLC, 5-D Leasing LLC, and All Over Towing Incorporated in relation to the company's employees, Defendants Thomas J. DiMarco Sr. and Jane Doe DiMarco are subject to individual liability under the FLSA.

18. Defendants Dawn DiMarco and John Doe DiMarco are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Dawn DiMarco and John Doe DiMarco are owners of Quik Pik LLC, 5-D Leasing LLC, and All Over Towing Incorporated and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

19. Under the FLSA, Defendants Dawn DiMarco and John Doe DiMarco are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Dawn DiMarco and John Doe DiMarco had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Quik Pik LLC, 5-D Leasing LLC, and All Over Towing Incorporated in relation to the company's employees, Defendants Dawn DiMarco and John Doe DiMarco are subject to individual liability under the FLSA.

20. Defendants Joseph DiMarco and Jane Doe DiMarco II are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Joseph DiMarco and Jane Doe DiMarco II are owners of Quik Pik LLC, 5-D Leasing LLC, and All Over Towing Incorporated and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

21. Under the FLSA, Defendants Joseph DiMarco and Jane Doe DiMarco II are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Joseph DiMarco and Jane Doe DiMarco II had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Quik Pik LLC, 5-D Leasing LLC, and All Over Towing Incorporated in relation to the company's employees, Defendants Joseph DiMarco and Jane Doe DiMarco II are subject to individual liability under the FLSA.

22. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

23. Defendants, and each of them, are sued in both their individual and corporate capacities.

-7-

24. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

25. At all relevant times, Plaintiff was an "employee" of Defendants Quik Pik LLC, 5-D Leasing LLC, All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

26. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Quik Pik LLC, 5-D Leasing LLC, All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II.

27. At all relevant times, Defendants Quik Pik LLC, 5-D Leasing LLC, All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

28. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Quik Pik LLC, 5-D Leasing LLC, All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II.

29. At all relevant times, Plaintiff was an "employee" of Defendants Quik Pik LLC, 5-D Leasing LLC, All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II as defined by A.R.S. § 23-362.

30. At all relevant times, Defendants Quik Pik LLC, 5-D Leasing LLC, All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

31. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

32. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

33. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

34. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

35. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

36. Defendants own and/or operate as Quick Pik All Over Towing, an enterprise located in Maricopa County, Arizona.

37. All Over Towing Incorporated is a vehicle towing and repossession company located in Phoenix, Arizona.

38. Plaintiff began working for Defendants in approximately July 2020 when Defendants purchased the towing company he had previously worked for, Shamrock Towing.

39. In or around July 2020, when Defendants became Plaintiff's employer, they changed his pay rate from hourly to commission based.

40. Pursuant to Plaintiff's pay structure, Plaintiff was paid based solely on commissions, regardless of the number of hours Plaintiff worked for Defendants in a given workweek.

41. At all relevant times, Plaintiff worked for Defendants until approximately November 2020.

42. At all relevant times, in his work for Defendants, Plaintiff worked as a tow-truck driver for Defendants.

43. In his work for Defendants, Plaintiff performed non-exempt manual, unskilled labor, all of which was related to vehicle towing and repossession. Such work included, but was not limited to, towing vehicles to and from Defendants' holding facility, shops, customers' homes, or body shops.

44. Defendants, in their sole discretion, paid Plaintiff on a commission structure.

45. At all relevant times, Plaintiff typically worked between 64 and 70 hours per week for Defendants.

46. As a result of Plaintiff's commission-based pay structure, in a given workweek, Plaintiff did not receive the applicable minimum wage for every hour he worked for Defendants.

47. As such, Defendants failed to pay the applicable minimum wage to Plaintiff.

48. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for work he performed for Defendants, Defendants violated 29 U.S.C. § 206(a).

49. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for work he performed for Defendants, Defendant violated the AMWA, A.R.S. § 23-363.

50. As a result of Plaintiff's commission-based pay structure, in a given workweek, Plaintiff did not receive one and one-half times the applicable overtime rate for time he worked in excess of 40 hours in a given workweek.

51. As such, Defendants failed to pay the applicable overtime rate to Plaintiff for time worked in excess of 40 hours in a given workweek.

52. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for such work he performed for Defendants, Defendants violated 29 U.S.C. § 207(a).

53. Plaintiff was a non-exempt employee.

54. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

55. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

-11-

56. Plaintiff is a covered employee within the meaning of the FLSA.

57. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

58. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

59. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants willfully and improperly failed to pay at least the applicable minimum wage to Plaintiff for all hours he worked for them.

62. Defendants' practice of willfully and improperly failing to pay Plaintiff the applicable minimum wage for all hours worked violated 29 U.S.C. § 206(a).

63. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Peter Salas, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT FAILURE TO PAY OVERTIME

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants willfully and improperly failed to pay one and one-half times Plaintiff's regular rate of pay to Plaintiff for all times he worked for them in excess of 40 hours in a given workweek.

66. As a result, Defendants failed to pay the applicable overtime rate to Plaintiff for all times he worked for them in excess of 40 hours in a given workweek.

67. Defendants' practice of willfully and improperly failing to pay Plaintiff the applicable overtime rate for such hours worked violated 29 U.S.C. § 207(a).

68. Plaintiff is therefore entitled to compensation for his full applicable overtime rate at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Peter Salas, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

G. For the Court to declare and find that the Defendant committed one of more of the following acts:

   i. Violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime;

   ii. Willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime;

H. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

I. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

J.    For the Court to award prejudgment and post-judgment interest;

K.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

L.    Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

69.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.    Defendants willfully and improperly failed to pay at least the applicable minimum wage to Plaintiff for all hours he worked for them.

71.    Defendants' practice of willfully and improperly failing to pay Plaintiff the applicable minimum wage for all hours worked violated AMWA, A.R.S. § 23-363.

72.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Peter Salas, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

       i.      Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

       ii.     Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 12th day of February, 2021.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-16-

## VERIFICATION

Plaintiff, Peter Salas, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

*DocuSigned by:*

*/s/ Peter Salas*

—7C61B946590E4D3...

Peter Salas